UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GAVIN L. KIRKLAND,

        Petitioner,

    -v-                              10-CV-0097Sc
                                        ORDER

JAMES T. CONWAY, Superintendent
Attica Correctional Facility,

        Respondent.

---

Petitioner has applied to the Court for appointment of counsel. Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Murray v. Giarratano, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), see Graham v. Portunodo, 506 F.3d 105, 107 (2d Cir., Oct. 3, 2007), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); McFarland v. Scott, 512 U.S. 849 (1994).

Appointment of counsel is within the judge's discretion, see In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. The petition is based on a number of claims, including: an unlawful stop, an unduly suggestive show up and photo array, the evidence was legally insufficient to find guilt on the offense of robbery in second degree, and ineffective assistance of counsel . It does not appear at this time that petitioner needs the assistance of counsel to present these claims, which appear to be ones which may be able to be addressed and reviewed by means of the record of the underlying state court proceedings the court has ordered to be submitted with the filing of respondent's answer. Moreover, the Court has not yet received respondent's answer to petition and therefore cannot assess currently whether petitioner's claims are likely to be of substance. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997).

Based on this review, petitioner's motion for appointment of counsel is denied without prejudice at this time. It is the

petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

S/ MICHAEL A. TELESCA<br>MICHAEL A. TELESCA<br>United States District Judge

Dated:    March 17, 2010
          Rochester, New York